HENDRY, Judge.
Petitioner, Buchwald Enterprises, Inc., a Florida corporation, seeks review of a final order of the Department of Revenue regarding an administrative order assessing a deficiency resulting from adjustments to petitioner’s Florida corporation income tax return for the taxable years ending December 31, 1972 and December 31, 1973. The crucial issue raised is whether the Florida Income Tax Code permits the deduction of expenses in the taxable year the expenses were properly “reportable” for federal income tax purposes although such expenses were not actually “reported” for federal income tax purposes in that taxable year.
The uncontested facts contained in the record reflect that when petitioner on behalf of itself and its subsidiaries filed its consolidated Florida corporate income tax return for the calendar year ending December 31, 1972, it had deducted $908,717.00, representing expenses which were incurred prior to 1972 in connection with the development of certain real properties; that the books and records of petitioner and its subsidiaries show that the said development expenses were deferred for accounting purposes relating to federal income tax; that the development expenses were deducted in the years they were incurred, prior to 1972. The Florida Department of Revenue disallowed the entire $908,717.00 expended in connection with acreage being developed in Dade County, Florida.[1] The respondent disallowed the $369,058.00 deducted for Florida income tax purposes on the ground that it was not included in the cost of sales reported for federal tax purposes in 1972, although by its accounting procedure the petitioner had deferred the expenses until 1972 when the property in Dade County was sold and the expenses included in the “cost of sales” at that time.
Buchwald Enterprises petitioned and was granted an administrative hearing; the hearing officer issued findings of fact, conclusions of law and a recommended order in favor of the petitioner. However, the Cabinet of the State of Florida acting as head of the Department of Revenue thereafter modified the hearing officer’s recommended order by accepting the findings of fact and rejecting the conclusions of law. Respondent issued a final order assessing the proposed deficiency. Upon full review of the record and research of the Florida Income Tax Code and case law authorities, we conclude that the allowance of the $369,058.00 in expenses incurred by petitioner is consistent with the intent of the state tax code; the deduction should be allowed, and the proposed deficiency rejected.
In the latter part of 1971 the Florida Constitution was amended to permit the taxation of corporate income. The Legislature enacted the Florida Income Tax Code, Chapter 220, effective January 1, 1972. Section 220.02, Florida Statutes, speaks to the intent of the Legislature:
“(2) It is the intent of the legislature that the tax levied by this code shall be construed to be an excise or privilege tax measured by net income.”
* * * * * *
“(4) It is the intent of the legislature that the tax imposed by this code shall be prospective in effect only . . . ”
In Section 220.12(1) “net income” is defined as:
“For the purposes of this code, a taxpayer’s net income for a taxable year which commences on or after January 1, 1972 shall be that share of its adjusted federal *863 income for such year which is apportioned to this state under § 220.15, less the exemption allowed by § 220.14.”
In defining “adjusted federal income” Section 220.13 specified:
“(1) ‘Adjusted federal income’ shall mean an amount equal to the taxpayer’s taxable income as defined in subsection (2)
“(2) For purposes of this section, a taxpayer’s taxable income for the taxable year shall mean taxable income as defined in section 63 of the Internal Revenue Code and properly reportable for federal income tax purposes for the taxable year . . . ”
Under Section 63 of the Internal Revenue Code “Taxable Income” is defined as follows:
“(a) General Rule — Except as provided in subsection (b), for purposes of this subtitle the term ‘taxable income’ means gross income, minus the deductions allowed by this chapter.”
Respondent has not asserted that the expenses are not properly deductible, but that the timing of the deduction of the expenses is improper since “the claimed deduction was not included in the Cost of Sales reported for federal purposes in 1972.”
Section 220.43(1) of the Florida Tax Code states:
“To the extent not inconsistent with the provisions of this code . . . each taxpayer making a return under this code shall take into account the items of income, deduction, and exclusion on such return in the same manner and amounts as reflected in such taxpayer’s federal income tax return for the same taxable year.”
Although the use of federal income tax returns by respondent is important to further the expressed intention of the Florida Legislature to minimize (a) the expenses of the department of revenue, and (b) the difficulties in administering the code, the said code does not incorporate the federal income tax return conclusively. The timing employed for deduction of expenses must be determined by the Florida Income Tax Code, specifically Section 220.13; and the expenses were proper in computing taxable income as defined in Section 63 of Internal Revenue Code. The subject expenses were properly reportable for federal income tax purposes, notwithstanding the fact that they were not actually reported in the federal return for the year 1972 due to the accounting procedures employed by the petitioner.
The theory posited that the Florida Department of Revenue is bound by the income and expenses reported, not reportable, for federal income tax purposes has been rejected by our sister court. See, Clearwater Federal Savings and Loan Association v. Department of Revenue, 350 So.2d 1134 (Fla. 2d DCA 1977),[2] where the court held that the realization of income prior to 1972 controlled over the recognition of income as evidenced by the federal income tax return filed by the taxpayer.
In conclusion, petitioner should not be assessed the claimed deficiency because its elected method of accounting for federal income tax purposes differed from its method of accounting for Florida state tax purposes before the enactment of the state income tax code.
Therefore, the petition is granted and the subject order reversed.

. The remaining $539,659.00 of expenses was not the subject of petitioner’s petition for administrative hearing, it was incurred in connection with development of properties outside the state.

. The Supreme Court of Florida affirmed on appeal, 366 So.2d 1164 (Fla.1979).